UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JORGE RESTO,

                                  Plaintiff,                          **24-CV-9127 (KHP)**

-against-                                                          **OPINION & ORDER**

COMMISSIONER OF SOCIAL SECURITY

                                  Defendant.

------------------------------------------------------------X

**KATHARINE PARKER, United States Magistrate Judge.**

Plaintiff Jorge Resto ("Plaintiff"), through his counsel Howard D. Olinsky ("Counsel" or "Petitioner") commenced the above-entitled action to seek judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability benefits. Petitioner filed a motion pursuant to 42 U.S.C. § 406(b)(1), for an award of attorneys' fees based on the contingency fee agreement between himself and Plaintiff.

On February 18, 2025, the Court remanded the matter for further review by the Commissioner (ECF No. 13) and later approved a stipulation and agreement awarding Plaintiff $1,306.69 in attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (ECF No. 19; ECF No. 21 ("Olinsky Aff."), at ¶ 2)

Following the remand, the Social Security Administration (the "Administration") sent Counsel an email noting that Plaintiff's past due benefits totaled $70,919.00. (ECF No. 21-2, at 2) The email further represented that the Administration was holding onto the benefits as they may have to reduce them if Plaintiff was receiving any Supplemental Security Income ("SSI").

(ECF No. 21-2, at 2)  The email also noted that the Administration would withhold $17,729.75 from the past-due benefits to pay the representative.  (ECF No. 21-2, at 5)

Petitioner seeks $8,529.75, which represents less than 25% of Plaintiff's past-due benefits.  (Olinsky Aff., at ¶ 7)  Counsel reports having billed a total of 9.2 hours for his work on this matter which is comprised of 3.6 attorney hours and 5.6 paralegal hours, resulting in a de facto hourly rate of $2,213.82.  (*Id.*, at ¶ 9).  On February 12, 2026, Commissioner filed a response to Plaintiff's Petititon for Attorney's Fees in which they neither supported nor opposed the request for fees.  (ECF No. 23)  Based on the reasoning set forth below, the Court authorizes Section 406(b) fees in the amount of $8,529.75 to be paid from past-due benefits withheld by the Commissioner.[1]

## LEGAL STANDARD

"Section 406 discretely addresses attorneys' fees expended in connection with administrative proceedings, 42 U.S.C. § 406(a), and those in connection with a challenge in court, 42 U.S.C. § 406(b)."  *Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025).  Section 406(b) permits the Court to approve "a reasonable fee… not in excess of 25 percent of the … past-due benefits" awarded to the plaintiff.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).  A fee awarded under Section 406(b) does not operate as a fee-shifting mechanism between the litigants; rather, it represents compensation that the Social Security claimant personally pays to their own counsel.  *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Courts consider three factors to

---

[1] This action is before the Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (ECF No. 10)

determine reasonableness: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) whether the requested amount is so large as to constitute a windfall to the attorney. *Wells*, 907 F.2d at 372.

**ANALYSIS**

The fee requested by Plaintiff meets all three of the foregoing factors.

As to the first *Wells* factor, Plaintiff entered into a valid contingency fee agreement with Counsel which states that the attorney shall charge and receive 25% of the past due benefits if Plaintiff won his case. (ECF No. 21-1; Olinsky Aff., at ¶ 3); *see Gisbrecht*, 535 U.S. at 795. One-fourth of past-due benefits for Plaintiff in this action is $17,729.75. Thus, the requested fee of $8,529.75 falls well within the 25% cap, representing only 12.03% of the total benefits awarded to Plaintiff. *See id.* Accordingly, this factor weighs in favor of finding the requested fee reasonable.

The agreement also clearly satisfies the second *Wells* factor. The record presents no evidence or assertions of fraud in establishing the attorney-client relationship. Further, Plaintiff does not fall within the class of individuals who are particularly vulnerable to overreaching. *Cf. McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989) (providing that children or members of classes poorly equipped to protect their interests in class actions are examples of vulnerable parties). As such, this factor also militates in favor of reasonableness.

Regarding the third *Wells* factor – which considers whether the award would constitute an impermissible windfall – the analysis requires further discussion. *See Diberardino v. Comm'r of Soc. Sec.*, No. 17 Civ. 2868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020). "For a district court to find that the fee provided by a contingency agreement in such cases is

unreasonable, and to do so solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is unearned by counsel." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). *Fields* clarifies that in determining whether there is a windfall that renders a Section 406(b) fee unreasonable, courts should consider more than the de facto hourly rate, outlining four factors courts should also consider: (1) the ability and expertise of the lawyers and whether they were particularly efficient, (2) the nature and length of the professional relationship with the claimant, (3) the satisfaction of the disabled claimant, and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *See id.,* at 853-56.

As to Counsel's expertise and efficiency, he handled the case in just 9.2 hours, attributing 5.6 hours to time expended by paralegals and 3.6 hours expended by attorney(s). In that time, he drafted a complaint, reviewed orders, corresponded with opposing counsel, and engaged in various other tasks related to the instant action. (ECF No. 22-3); *see id.* (citing *Jeter v. Astrue*, 622 F.3d 371, 380-81 (5th Cir. 2010)) ("It would be foolish to punish a firm for its efficiency and thereby encourage inefficiency"). Further, Courts in this Circuit have found twenty to forty hours is a reasonable amount of time on routine Social Security cases. *See e.g., Borus v. Astrue*, No. 09 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012). Therefore, the time spent by Counsel is a conservative measure of what is found to be reasonable for these kinds of cases. This factor, therefore, weighs in favor of a finding that the fee does not constitute an impermissible windfall.

The second factor looks to the nature and length of the professional relationship with the claimant. *Fields*, 24 F.4th at 855. Counsel's relationship with Plaintiff spanned roughly six

months.  (ECF No. 21-4)  The representation in *Fields* spanned around a decade, and in *Fields*, the court noted that counsel represented their client at four separate hearings.  24 F.4th at 855. The attorney-client relationship here neither spanned as long as the professional relationship in *Fields* nor did it require representation at four separate hearings.  However, it did extend over several months and require advocacy at multiple junctures.  Although some Courts have found that this weighs in favor of a reduction, this factor alone does not disqualify Counsel from receiving the requested fees, especially since this Court has awarded attorneys' fees in line with the figure requested even absent longstanding professional relationships.  (ECF No. 21-4); *Thomas v. Comm'r of Soc. Sec.*, No. 23 Civ. 04642 (LJL) (GWG), 2024 WL 4942283 at *3 (S.D.N.Y. Dec. 3, 2024) (awarding attorney's fees of $2,000 per hour despite the "brief" length of the professional relationship).  Accordingly, this factor is at most a neutral consideration in the Court's calculus.

The third factor considers the satisfaction of the plaintiff.  *Fields*, 24 F.4th at 855.  Here, this factor militates in favor of granting the requested award since there is nothing in the record suggesting that Plaintiff was dissatisfied with the result.  *See, e.g., Finnegan v. Comm'r. of Soc. Sec.*, No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary.")  Thus, the third *Fields* factor indicates that the requested fee is not a windfall.

Finally, the fourth factor – the uncertainty that the case would result in an award of benefits and the effort it took the achieve that result – aims to prevent a lawyer from collecting an unearned advantage in a case that has very little risk of nonrecovery and requires minimal

effort.  *Fields*, 24 F.4th at 856.  "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  *Wells*, 907 F.2d at 371.  A windfall is more likely to be present in a case where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.  *See Fields*, 24 F.4th at 856. Counsel secured a favorable outcome for Plaintiff, however, the possibility of an adverse result – and with it, no recovery for counsel – remained a genuine possibility throughout this action. *See Meyer v. Acting Comm'r of Soc. Sec.*, No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978, at *5 (E.D.N.Y. Oct. 9, 2025) (holding that a successful result for the plaintiff did not nullify the justification of a fee request and awarding the plaintiff's attorney $23,262.00 in a similar social security matter); *Gabriel v. Comm'r of Soc. Sec.*, No. 20 Civ. 3089 (WFK) (PK), 2024 WL 5416754, at *5 (E.D.N.Y. Oct. 24, 2024) (noting the "inherent uncertainty of social security cases" along with the prior denials and rejections of benefits by an ALJ and the Appeals Council to weigh in favor of a fee request).  When considering that Counsel bore this risk for six months, the requested fee reflects fair compensation for achieving success, not an unearned windfall.

The $2,213.82 hourly rate admittedly falls at the peak of the range of reasonableness. *See e.g.*, *Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025) (de facto hourly rate of $1,861 approved and "not unreasonable ... and is in line with amounts that courts have found reasonable"); *Mannouris v. Comm'r of Soc. Sec.*, No. 20 Civ. 9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, No. 20 Civ. 9790 (AT) (BCM), 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) (de facto hourly rate of $1,918 approved where counsel did not file any motions or briefs

before the matter was remanded to the Commissioner); *Hennelly v. Kijakazi*, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (describing a non-contingency hourly rate of $1,705.16 as "high, [but] not unprecedented"); *cf. Thomassian v. Kijakazi,* (reducing the requested fee yet awarding a total of $33,360.04 when counsel sought the full 25 percent of the past-due benefits and finding that the second and fourth Fields factors required a downward adjustment of the requested fee).  However, since Counsel is only requesting 12.03% of the total benefits awarded to Plaintiff, and because the total fee is effectively in line with other awards in the District, it is reasonable.

## CONCLUSION

Having reviewed both Plaintiff's motion and the Commissioner's response, along with all supporting documents, the Court finds the requested award be found "reasonable," and that attorney's fees be granted in the amount of $8,529.75.  Upon receipt of this sum, counsel for the Plaintiff is directed to refund directly to the Plaintiff the previously awarded EAJA fees of $1,306.69.  (Olinsky Aff., at ¶ 2); *see also Gisbrecht*, 535 U.S. at 796 (explaining that where there is a fee award made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

**<u>The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 20.</u>**

**SO ORDERED.**

DATED: New York, New York
      February 27, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge